# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|       Plaintiff, | ) | |
| v. | ) | Case No. 04-0755-CV-W-DW |
| | ) | |
| BOBBY VEAL, JEWEL VEAL, | ) | |
| FLORA JEANETTE LYONS, | ) | |
| VEAL FAMILY INVESTMENTS, LLC, | ) | |
| VEAL CHARITABLE TRUST, and | ) | |
| CHILLINI PROPERTY MANAGEMENT, LLC, | ) | |
|       Defendants. | ) | |

## ORDER

Before the Court is Defendants' motion to dismiss. (Doc. No. 6.) For the following reasons, the motion is denied.

The Government filed the instant action in order to collect the judgment entered in *United States v. Veal*, Case No. 02-720-CV-W-DW ("Veal I"). In that case, a total damages award of $1,182,804.00 was entered against the defendants Bobby and Jewel Veal. See Doc. Nos. 88 & 136. The Government now seeks to collect the $1,182,804.00 judgment from the Veals (and the other named defendants) pursuant to the Federal Debt Collection Procedure Act (FDCPA), 28 U.S.C. §3001 *et seq*.[1] The FDCPA allows the federal government to collect a "debt," which is defined as:

> *an amount that is owing to the United States* on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing

---

[1] Originally, the Government sought only to collect $1,102,804.00, which was the damages award before the Court entered an additional civil penalty of $80,000.00. See Doc. No. 136. However, in response to a show cause order, the Government requests leave to amend its Complaint to include the $80,000.00 award. The Court grants the Government leave to amend and, for purposes of this motion, treats the total damages sought as if it included the $80,000.00 amount.

under the terms of a contract originally entered into by only persons other than the United States.

§3002(3)(B) (emphasis added).

In the pending motion, the defendants contend that the judgment entered in Veal I does not constitute a debt owed to the United States. Defendants explain that the damages award is not payable to the Government but to the eleven "aggrieved persons" on whose behalf the Veal I case was brought. Thus, the damages award is not "owing to the United States," §3002(3)(B), but to the individual private victims. Based on this logic, Defendants argue that the Government is barred from collecting the Veal I judgment through the FDCPA. See United States v. Bongiorno, 106 F.3d 1027, 1036 (1st Cir. 1997) (holding that a debt is not "owed to the United States" under the FDCPA unless it "is payable to the government and which, when paid, swells the public fisc"). But see NLRB v. E.D.P. Med. Computer Sys., Inc., 6 F.3d 951, 955 (2d Cir. 1993) ("Effective debt collection [under the FDCPA] by the government is not only to fill the public coffers and lower the federal deficit; we should also consider the importance of effective collection as a necessary tool for enforcement of the federal [laws].")

Though not without merit, Defendants' position ultimately fails. The United States brought the Veal I lawsuit pursuant to 42 U.S.C. §3614. This statute gives the Government the authority to bring suit against persons who engage in a pattern or practice of discrimination or harassment in violation of the Fair Housing Act (FHA). In contrast to §3613, which allows for private enforcement of the FHA, §3614 provides an enforcement mechanism whereby the Government sues violators of the Act on behalf of those deemed to be victims. In §3614 cases, such as Veal I, the Government is the sole plaintiff, even though the individual victims receive compensation through a damages

award.

It is true that most of the Veal I judgment will eventually be distributed to the eleven women not the Government. However, Veal I was not brought by the eleven women pursuant to §3613. Rather, the only named plaintiff in the case is the United States Government. It is the Government that prosecuted the case on behalf of the women. It is the Government that secured the judgment. The debt that is the judgment is owed exclusively because of the Government's efforts. Under these circumstances, it would be an affront to the design and purpose of §3614 if the Government were permitted to bring suit on behalf of the aggrieved persons but not collect the judgment.

What's more, the manner in which the judgment will be paid illustrates the Government's ownership (if only temporary) of the debt. As explained in its brief,

> the United States' general practice in "pattern or practice" cases such as Veal I...is to secure releases from aggrieved persons and have payments made by checks payable to them or into an escrow account from which payments are made at our direction. In the former instance, we typically require checks be sent first to the United States and we then distribute them. We retain control of the process to ensure each victim receives either the total damages amount or the proper proportionate share. In some cases, defendants have paid the United States directly and we in turn made payments to individual victims.

Response to Court Order, at p. 2.

Further, Defendant's position ignores the fact that a portion of the judgment will be paid to the Government directly. See Doc. No. 136 (awarding civil penalties in the amount of $80,000.00). Though most of the judgment will be paid to the aggrieved women, there is "nothing in the statutory text [of the FDCPA] that requires that the government be the exclusive beneficiary of the judgment for the statute to apply." FTC v. Nat'l Bus. Consultants, Inc., 376 F.3d 317, 320 (5th Cir. 2004).

3

For the foregoing reasons, the Court concludes that the Government can pursue collection of the Veal I judgment through the FDCPA. The motion to dismiss is denied.

IT IS SO ORDERED.

                                                         /s/ DEAN WHIPPLE
                                                         Dean Whipple
                                                    United States District Judge

Date: June 28, 2005